2   BOGH *v.* WILMER & V. THEATRE CO., Appellant.

Statement of Facts—Opinion of the Court. [62 Pa. Superior Ct.

(b)  Error will not lie to the action of the court below discharging appellant's rule for a motion for a new trial.

(c)  No assignable error appears upon the record.

*Dallas Dillinger, Jr.,* with him *Max S. Erdman,* for appellant.

*Claude T. Reno,* with him *John L. Schwartz,* for appellee.

PER CURIAM, December 20, 1915:

The appeal is quashed, at the costs of the appellant, for the reasons assigned in support of the appellee's motion.

---

# Kratz *v.* Marvin, Appellant.

*Attorney-at-law—Counsel fees—Contract—Affidavit of defense.*

In an action against the members of an unincorporated association organized to oppose the granting of liquor licenses, to recover counsel fees, an affidavit of defense is insufficient, which avers that the plaintiff offered his services without compensation, but that subsequently in the midst of the campaign he demanded a sum stated for services, under a threat that he would not continue to represent defendants; that the latter under threats of duress agreed to pay the sum demanded and actually paid one-half thereof; that plaintiff had failed in his agreement to provide the services of other attorneys, but without any averment that any other attorneys claimed compensation, or that the defendants were not fully represented, or advised in and out of court as to matters in which they were interested; and that the plaintiff had collected fees for the same services from other persons and localities, without averring the amounts of such payments or by whom they were made, or when or where they were made.

Argued Dec. 7, 1915.  Appeal, No. 126, Oct. T., 1915, by defendants, from order of C. P. Montgomery Co., March T., 1915, No. 150, making absolute rule for judgment for want of a sufficient affidavit of defense in case

2, (1915).] Statement of.Facts—Opinion of Court below.

of T. Tyson Kratz v. Sylvester S. Marvin, et al., members of an unincorporated association known as Montgomery County No-License Campaign. Before RICE, P. J., OR-LADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for counsel fees.

Rule for judgment for want of a sufficient affidavit of defense.

SWARTZ, P. J., filed the following opinion:

The plaintiff took two rules for judgment for want of a sufficient affidavit of defense. In the one he asks for judgment for his whole claim of $875, in the other for $500, the balance alleged to be due on a contract to pay him $1,000.

We think the affidavit of defense is sufficient to prevent judgment for the items aggregating $375.

The defendants allege that the contract for $100 embraced and covered all claims and demands for prior services. The affidavit upon this point might be more specific, but it is sufficient to show that the affiant intended to aver that the contract of February 28, 1914, for $1,000 included any and all demands of the plaintiff for services rendered prior to that date. He declares that said contract was "to cover all fees and legal expenses for the entire activities of the campaign, of every kind prior to and during the sessions of the Court of Quarter Sessions of Montgomery County for the hearing of liquor license applications in 1914." He further alleges that "the plaintiff's claim for $375 was entirely within the agreement and that no part of the same is due or outstanding in his favor." This is perhaps a conclusion, but it helps to define what the affiant meant when he said the contract for $1,000 covered "prior services."

In a later paragraph the allegation is repeated, that the plaintiff demanded a fee of $1,000 for all services connected with the campaign, past and prospective, rendered or to be rendered.

We conclude that the affidavit contains sufficient averments that the claim for $375 merged in the contract to pay $1,000.

A careful study of the affidavit does not convince us that it is sufficient to prevent the entry of judgment for the $500 alleged to be due on the agreement of February 28, 1914.

The defendants admit the contract, but claim it was made under such circumstances that it cannot be legally enforced.

It may well be that the defendants were surprised at the demand for a fee of $1,000, and that the time was not opportune to refuse the demand, still they entered into the agreement and recognized its validity when they paid $500 on account.

It is also contended that the plaintiff was to receive the $1,000 for the services of himself and three other attorneys, and that some of plaintiff's associates were not compensated by him. There is no allegation that the defendants are liable for fees to these associates or that any demand was made upon the defendants for payment to these other attorneys. If there is any compensation due them from the plaintiff, the failure to pay arises from the default of the defendants in not complying with their contract.

There is no averment that the plaintiff failed to furnish the services of other attorneys, or that the defendants were not fully represented or advised in and out of court, or that cases or matters were neglected or prejudiced in the license court because of the nonattendance of the plaintiff or the other attorneys.

It is also alleged that the plaintiff endeavored to collect fees from numerous localities throughout the country in contravention of his agreement with the Montgomery County No-License Campaign. No such agreement is set out in the affidavit of defense, nor is it averred that the plaintiff succeeded in collecting any money from such "localities." It is charged that he received fees

from certain "branches" of the Montgomery County No-License Campaign. The statement of the plaintiff is explicit, that no part of the said $500 was paid to him by the defendants or by anyone on their behalf or to anyone in his behalf.

If the defendants intend to show such payments they should give specific facts. No amount is named nor is any "branch" designated. If a branch of the defendants' organization made such payment there should be no difficulty in making a specific allegation of time and amount. If payments were made and the defendants knew the amounts, they should give them. If they believe payments were made they should at least aver that they expect to prove the fact.

If the defendants are entitled to credit for any payments made by certain "localities," then again the set-offs should be given with the same precision as would be necessary in a statement to recover the amount. The claim of set-offs must be specific, and precise, as to source, character and amount: Loeser v. Erie City Rag Warehouse, 10 Pa. Superior Ct. 540. The same rule applies where there is an allegation of payment.

Again, it alleged that the services of the plaintiff were not satisfactory. We have no specific allegations wherein the plaintiff failed to discharge his duties, as an attorney, or how the defendants were prejudiced, suffered loss, disappointment or defeat in any litigation placed in his hands. Because the relations between counsel and client were not always amicable, or because the parties may not have agreed at all times, as to the proper methods of procedure, does not show that plaintiff violated his contract. This branch of the affidavit of defense is fully answered by the opinion in Chain v. Hart, 140 Pa. 374. The averments must be specific and show wherein there was want of skill or any mismanagement to the detriment of the defendants. It is claimed that the plaintiff was arrogant and domineering in his manner. But they made the contract for $1,000 after he

had served them in numerous prior matters.   They did not discharge him but retained his services until he had ended his duties under his employment.

And now, April 12th, A. D. 1915, the rule for judgment for want of a sufficient affidavit of defense for $500, with interest from May 1, 1914, being the balance of the contract for $1,000 as averred in plaintiff's statement, is made absolute, and the rule for judgment for the other part of the claim, amounting to $375 set out in the statement, is discharged with leave to the plaintiff to proceed to trial for this part of his claim.   The prothonotary will enter judgment for the plaintiff for the sum of $528.

*Error assigned* was the order of the court.

*Francis R. Taylor,* with him. *George Wanger,* for appellants.

*Joseph S. Kratz,* for appellee.

PER CURIAM, December 20, 1915:
The case is clearly and correctly stated in the opinion filed by the learned judge below, and we all concur in the conclusion that it was correctly decided.   The judgment is affirmed.

---

## Bleakley v. Feldman, Appellant.

*Interpleader — Ownership of automobile — Evidence — Case for jury.*

On the trial of a sheriff's interpleader to determine the ownership of an automobile, where the evidence discloses circumstances out of the ordinary, and complicated, and the controlling question is a mixed one of law and fact, the case must be resolved by a jury under proper instructions from the court.